**In re Anonymous No. 21 D.B. 78**

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

REATH, *Board Member*, December 5, 1978— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 19, 1978, a petition for discipline was filed against respondent, alleging three violations of the Disciplinary Rules of the Code of Professional Responsibility, based upon the conviction of the respondent in the criminal division of the Court of Common Pleas of [   ] County on a plea of guilty to 114 counts of theft by deception, which resulted in the suspension of respondent from the practice of law by order of the Supreme Court effective May 30, 1978.

Counsel for respondent filed an answer to said petition, admitting each of the factual allegations contained in the petition but denying the allegations concerning the specific Disciplinary Rules which respondent was charged with having violated. The matter was referred to hearing committee [   ] and hearing was held on June 14, 1978. Respondent made no objection to the stipulation of facts offered into evidence. Respondent testified in his own behalf and presented four character witnesses and offered into evidence four exhibits, one of which was a deposition of an additional character witness. The hearing committee filed its report and recommendations on August 17, 1978, recommending that respondent be suspended for a period of one year, retroactive to the initial date of suspension ordered by the Supreme Court under the provisions of Rule 214(c) of the Pennsylvania Rules of Disciplinary Enforcement.

Disciplinary counsel thereupon filed exceptions, suggesting that one year's suspension was insufficient and inappropriate in light of the nature and seriousness of the respondent's conduct and that disbarment was warranted.

## II. DISCUSSION

Respondent is a formerly-admitted attorney in the Commonwealth of Pennsylvania. As an officer of an insurance company, now defunct, over a four-year period respondent forged salvage receipts from subrogation claims and deposited them to his own account, to the total amount estimated to be $50,000. Respondent pleaded guilty to each of these counts and admitted each of these factual allegations. The hearing committee felt that a one-year suspension was sufficient discipline, considering the candor with which respondent testified and took full responsibility for his actions, his otherwise unblemished disciplinary record, his outstanding college and law school performance, his record of public service to his local bar association, and the impressive character testimony offered at his hearing.

We disagree—and recommend three year suspension. See In the Matter of Leopold,[1] 469 Pa. 384, 366 A. 2d 227, 233 (1976).

See also authorities and arguments that have been succinctly and well stated by disciplinary counsel's brief on exceptions, filed September 7,

---

1. "In the present matter, we are not convinced that in light of petitioner's public service since 1967 disbarment is too great a sanction to impose under the circumstances. Rather, having thoroughly reviewed the record, and in light of the revelations contained in petitioner's brief, we are assured that *disbarment is the only adequate recourse.* Supportive of our position is the observation of the Special Committee on Disciplinary Enforcement that *an 'attorney who has gone beyond temptation and has converted funds obviously poses a threat to any future client and the public.'"* (Emphasis supplied.)

1978 (Tab 6), which we incorporate in this recommendation.

## III. RECOMMENDATION

The board recommends that respondent be suspended from the practice of law for a period of three years, retroactive to May 30, 1978, in accordance with Rule 204(2) of the Pennsylvania Rules of Disciplinary Enforcement.

Mr. Johnson dissents and would recommend disbarment. Mr. Anderson did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*, And now, March 7, 1979, the recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated December 5, 1978, are accepted; and it is ordered, that [respondent], be, and he is forthwith suspended from the practice of law in this court and all the courts under its supervisory jurisdiction, for a period of three years retroactive to May 30, 1978, in accordance with Rule 204(2) of the Pennsylvania Rules of Disciplinary Enforcement and until further order of this court.